# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DONALD EDWARD KINSEY and RALPH EDWARD KINSEY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 14 CV 2236 ) |
| JAMBOW, LTD. and CAYMAN MUSIC, LTD., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

On October 27, 2014, the court entered default against the defendants, Jambow, Ltd. ("Jambow") and Cayman Music, Ltd. ("Cayman"), on the plaintiffs' complaint for infringement of copyright in three musical compositions. Plaintiffs' request for entry of default judgment is now before the court.

Pursuant to Federal Rule of Civil Procedure 55, the court may enter a judgment by default when the non-moving party has "failed to plead or otherwise defend" itself. The decision to grant or deny default judgment lies within the district court's discretion and is reviewed only for an abuse of discretion. Domanus v. Lewicki, 742 F.3d 290, 301 (7th Cir. 2014) (citing Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1322 (7th Cir. 1983)). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of

action alleged in the complaint." Wehrs v. Wells, 688 F.3d 886, 892 (7th Cir. 2012). "Upon default, the well-pled allegations of the complaint relating to liability are taken as true, but those relating to the amount of damages suffered ordinarily are not. Thus, damages must be proved unless they are liquidated or capable of calculation." Id. (citations, internal quotation marks, and brackets omitted).

**I. Liability**

Among the exclusive rights set forth in the Copyright Act are the rights to reproduce and distribute copies of the copyrighted work. HyperQuest, Inc. v. N'Site Solutions, Inc., 632 F.3d 377, 382 (7th Cir. 2011) (citing 17 U.S.C. § 106). Copyright infringement occurs when anyone violates the exclusive rights of a copyright owner. 17 U.S.C. § 501(a). To prove copyright infringement, a plaintiff must show (1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original. Janky v. Lake County Convention & Visitors Bureau, 576 F.3d 356, 361 (7th Cir. 2009).

The complaint sets out the following facts, which the court deems admitted due to the defendants' default. Plaintiffs, Donald Edward Kinsey and Ralph Edward Kinsey, are Chicago-area musicians and songwriters. They are the sole owners of registered copyrights in three musical compositions: "Reggae the Night Away," "Live Love Rejoice," and "Where You Gonna Run" (the "Kinsey Works" or the

"Works").[1] Plaintiffs allege that the defendants have wrongfully purported to license to third parties "Reggae the Night Away" and "Live Love Rejoice" through Jambow and its website, www.jambow.com, and wrongfully purported to license to third parties "Where You Gonna Run" through a non-party entity called PeerMusic on its website, AllMusic. (Compl. ¶¶ 17, 19-20.) Plaintiffs further allege that Cayman falsely represented to performance-rights organizations that it owns the Kinsey Works and that the defendants falsely informed PeerMusic that they own the copyrights to the Kinsey Works. (Compl. ¶¶ 16, 19.) Plaintiffs allege that the defendants have violated their exclusive rights in the Kinsey Works by wrongfully reproducing and distributing the Works. Accordingly, the allegations of the complaint, taken as true, establish that the defendants have infringed the three copyrights owned by the plaintiffs.

**II. Requested Relief**

    **A. Statutory Damages**

The Copyright Act provides that an aggrieved copyright owner may recover statutory damages, instead of actual damages, of "a sum of not less than $750 or more than $30,000 as the court considers just" for each work infringed. 17 U.S.C. § 504(c)(1). The statute also provides that where the plaintiff proves that the defendant

---

[1]/ Certificates of copyright registration for the Works are attached to the complaint as Exhibits A, B, and C.

committed willful infringement, the court may increase the award of statutory damages to a sum of not more than $150,000, and if the court finds that the infringer was not aware and had no reason to believe that his acts constituted copyright infringement, it may reduce the award of statutory damages to a sum of not less than $200.  17 U.S.C. § 504(c)(2).

The court is not required to follow any rigid formula when awarding statutory damages.  It may consider various factors such as the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent to future copyright infringement.  See Chi-Boy Music v. Charlie Club, Inc., 930 F.2d 1224, 1229-30 (7th Cir. 1991); F.E.L. Publ'ns, Ltd. v. Catholic Bishop of Chicago, 754 F.2d 216, 219 (7th Cir. 1985).  "[W]hen the infringement is willful, the statutory damages award may be designed to penalize the infringer and to deter future violations."  Chi-Boy Music, 930 F.2d at 1229-30.  "[A] finding of willfulness is justified if the infringer knows that its conduct is an infringement or if the infringer has acted in reckless disregard of the copyright owner's right."  Wildlife Express Corp. v. Carol Wright Sales, Inc., 18 F.3d 502, 511 (7th Cir. 1994) (internal quotation marks omitted).  "[E]vidence that notice had been accorded to the alleged infringer before the specific acts found to have constituted infringement

occurred is perhaps the most persuasive evidence of willfulness . . . ." <u>Chi-Boy Music</u>, 930 F.2d at 1227.

Plaintiffs allege that the defendants received notice on several occasions before March 7, 2013 of plaintiffs' copyrights in the Kinsey Works. (Compl. ¶¶ 31, 42, 54.) Plaintiffs also allege that they contacted Cayman before March 7, 2013 to assert their rights in the Kinsey Works and to contest Cayman's claims of ownership and that Cayman's representative, Ben Scholfield, responded via letter in an effort to resolve the dispute. (Compl. ¶ 21.) Plaintiffs replied to Cayman in January 2014, prior to filing this lawsuit, asserting that the defendants are improperly offering to license the Kinsey Works to third parties and improperly claiming royalties for licensing the Works through performance-rights organizations. In that letter, the plaintiffs also asked the defendants to cease and desist all licensing activities in the Kinsey Works, for information about all performance-rights organizations through which the defendants have claimed ownership rights in the Works and all licenses granted in the Works, and for an accounting of all revenues that the defendants have received for the Works. (<u>Id.</u> ¶ 22.) Defendants failed to respond prior to the complaint's filing on March 28, 2014, and they continue to offer licenses in the Kinsey Works. (<u>Id.</u> ¶¶ 23, 24, 31, 42, 54.) Moreover, the defendants "are in the business of licensing copyrighted works, including those

copyrighted in the United States," so they have "institutional knowledge about copyrights and actual knowledge of Plaintiffs' rights to the Kinsey Works." (Id. ¶ 31, 42, 54.)

As a result of the default judgment, the court takes the plaintiffs' allegations as true. Because the plaintiffs allege that they notified the defendants about plaintiffs' copyrights in the Kinsey Works and requested that the defendants cease their activities and also that the defendants responded but have continued to infringe plaintiff's copyrights, the court concludes that the defendants have acted willfully.

Plaintiffs contend that they are entitled to the maximum statutory damages for willful infringement--$150,000--for each of the three works infringed, for a total amount of $450,000 in statutory damages. (Pls.' Mem. at 8-12.) Their calculation is as follows: "Assuming 10-20 licenses per song--a conservative estimate in view of Defendants' pervasive reproduction/distribution of the Kinsey Works--and a $5,000 fee per license, Defendants have received licensing profits of at least $50,000 to $100,000 for each of the Kinsey Works. . . . in addition to whatever profits they have obtained from . . . direct sales . . . ." Plaintiffs assert that courts have awarded as statutory damages three to six times the estimated actual damages so as to deter willful infringement, so an award of $150,000 per work would be "on the low end of that calculation." (Pls.' Mem. at 11.)

Plaintiffs argue that the defendants "likely received significant profits from their copyright infringement" and point to evidence that several albums and a DVD contain sound recordings based on the Kinsey Works. (Id. at 10, Exs. D-H.) They also submit evidence that several sound recordings based upon the Kinsey Works are available for sale online on iTunes. (Id. at 9, Exs. A, B.) According to the plaintiffs, they did not authorize these sales, and the defendants "may have received licensing fees" in relation to these recordings. (Id. at 9-10.)

Plaintiffs contend that the defendants have failed to provide any information about how many licenses they have issued for the Kinsey Works, but based upon the available sound recordings, "it is reasonable to assume" that the defendants "have licensed each of the Kinsey Works on at least 10-20 occasions over the life of" the Works. (Id. at 10.) Plaintiffs suggest that "typical fees for the licensing of individual songs range from $4,000-$7,000 for use in corporate videos without public distribution, $4,000-$12,000 for use in documentaries, and $10,000-$40,000 for use in independent movies." (Id.) In support of this proposition, the plaintiffs submit a copy of the "Frequently Asked Questions" section of the website for License Music Now, which is evidently a music-licensing business. The website printout refers to the above-listed amounts as "a few examples of recent license fees." (Id., Ex. C.)

Plaintiffs fail to authenticate the evidence they submit, including the License Music Now printout. Moreover, the court cannot rely on the figures listed therein because there is no indication of how the information was gathered or prepared. There is also no evidence regarding the purposes for which the defendants issued any licenses to the Kinsey Works. Thus, the court rejects the plaintiffs' contention that "[e]ven if the Kinsey Works command fees on the lower end of the range, each license would be worth about $5,000." (Pls.' Mem. at 10.) Furthermore, the plaintiffs fail to submit any evidence that connects the existence and sales of the derivative sound recordings to any conduct by the defendants. There is no evidence that the defendants' reproduction and distribution of the Kinsey Works was "pervasive," as the plaintiffs contend.

The court is mindful, however, that the defendants' own conduct makes it difficult to measure the plaintiffs' losses; indeed, this difficulty is why statutory damages exist. See, e.g., Chi-Boy Music, 930 F.2d at 1230; Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc., Nos. 03 C 5311 & 03 C 4844, 2007 WL 2580491, at *3 (N.D. Ill. Sept. 10, 2007). The court also considers that the defendants did not engage in a one-time infringement. They continuously offered to license the Kinsey Works to third parties and were still doing so at the time of the complaint. In the court's view, a $7,500 award of statutory

damages for each work infringed is well within the statutory range and should be sufficient to deter future violations, but is not unduly large. Accordingly, the court declines to award the full amount that the plaintiffs request, but will award $7,500 in statutory damages for each infringement, for a total of $22,500 in statutory damages.

**B.     Injunctive Relief**

Plaintiffs request permanent injunctive relief pursuant to 17 U.S.C. § 502(a), which provides that the court may grant a final injunction on such terms as it deems reasonable "to prevent or restrain infringement of a copyright." Plaintiffs seek an injunction prohibiting the defendants from infringing the Kinsey Works.

A plaintiff seeking an injunction in a copyright case must show that (1) he has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction. See Flava Works, Inc. v. Gunter, 689 F.3d 754, 755 (7th Cir. 2012) (citing eBay Inc. v. Mercexchange, L.L.C., 547 U.S. 388, 391 (2006), and holding that eBay's four-factor test for permanent injunctive relief governs requests for relief in copyright cases). Plaintiffs maintain that they have suffered

irreparable harm because the defendants have "usurped" their "creative control" of the Works by licensing them. They also maintain that monetary damages are inadequate to compensate for this injury. (Pls.' Mem. at 12.) As for the third and fourth eBay factors, the plaintiffs contend that the only hardship the defendants would suffer as a result of a permanent injunction is that they would be prohibited from licensing copyrighted works that they have no right to license in the first place and that the protection of copyright serves the public interest.

The court agrees with the plaintiffs that the eBay factors weigh in favor of a permanent injunction. Defendants have continued to offer to license the Kinsey Works despite having received notice that they were infringing. Without a permanent injunction, the defendants will likely continue their infringing conduct. Accordingly, the court grants the plaintiffs' request for entry of a permanent injunction.

**C.  Attorneys' Fees and Costs**

Plaintiffs request an award of attorneys' fees and costs pursuant to the Copyright Act, which provides that a court may award reasonable attorneys' fees and costs to the prevailing party. See 17 U.S.C. § 505. "The two most important considerations in determining whether to award attorneys' fees in a copyright case are the strength of the prevailing party's case and the amount of damages or other relief the party obtained." Assessment Techs. of

WI, LLC v. Wiredata, Inc., 361 F.3d 434, 436 (7th Cir. 2004). "[T]he smaller the damages, provided there is a real, and especially a willful, infringement, the stronger the case for an award of attorneys' fees." Id. at 437. "Attorney's fees may be awarded for reasons other than simply making the plaintiff whole, such as encouraging the assertion of colorable copyright claims and deterring infringement." Chi-Boy Music, 930 F.2d at 1230. A finding of willful infringement supports an award of attorneys' fees. Id.

Defendants willfully infringed the plaintiffs' copyrights, and they failed to defend themselves in this case. The damages are small, so an award of attorneys' fees and costs is appropriate in order to adequately deter the defendants' future infringement. Therefore, the court grants the plaintiffs' request for an award of reasonable attorneys' fees and costs.

## CONCLUSION

Plaintiffs' request for entry of default judgment is granted in part and denied in part. The court will enter judgment in favor of the plaintiffs and against the defendants in an amount of $22,500.00 in statutory damages and will award the plaintiffs their reasonable attorneys' fees and costs incurred in this action. The court will also enter a permanent injunction prohibiting the defendants from infringing the Kinsey Works.

Plaintiffs shall file by December 11, 2014 an affidavit in support of their request for attorneys' fees and costs. Plaintiffs shall submit to the court's proposed-order box by December 11, 2014 a proposed final judgment order that conforms with this opinion.

DATE:   December 4, 2014

ENTER:   _____
Amy J. St. Eve, United States District Judge